**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUANGMIN LU,

               Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 08-72606

Agency No. A097-859-288

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Guangmin Lu, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992).  We deny the petition for review.

Substantial evidence supports the agency's finding that Lu's arrest, detention, and mistreatment by Chinese authorities on account of his participation in a Christian house church do not rise to the level of persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (detention, beating, and interrogation did not compel a finding of past persecution by Chinese police on account of unsanctioned religious practice); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so.") (emphasis in original).  Substantial evidence also supports the agency's finding that Lu failed to demonstrate he had a well-founded fear of future persecution due to his participation in a Christian house church.  *See Gu*, 454 F.3d 1021-22; *Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) (when a petitioner has not established past persecution the agency is entitled to rely on a State Department report in considering whether there is a good reason to fear future persecution).  The evidence in the record does not support Lu's arguments, raised for the first time in his brief to the court, that he is a member of a

disfavored group, or that he is a member of a group subject to a pattern or practice of persecution. Accordingly, Lu's asylum claim fails.

Because Lu failed to establish his eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Lu has not shown that it is more likely than not he will be tortured if returned to China. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**